IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERANTH, INC. | ) |
| Plaintiff, | ) ) ) Civil Action No. 1:25-cv-180-RGA |
| v. | ) ) ) |
| DOORDASH, INC. | ) ) |
| Defendant. | ) ) ) |

**JOINT STATEMENT OF PENDING MATTERS PURSUANT TO LOCAL RULE 81.2**

Pursuant to the Court's March 21, 2025 Oral Order (D.I. 49) and D. Del. Local Rule 81.2, Plaintiff Ameranth, Inc. ("Ameranth") and Defendant DoorDash, Inc. ("DoorDash") (collectively, the "Parties") hereby submit this Joint Statement of Pending Matters to identify all pending matters which require judicial action.

Ameranth's position:

DoorDash filed a Motion to Dismiss for Improper Venue, or Alternatively, to Transfer, and Failure to State a Claim (D.I. 21), and although the case has been transferred to this Court from the Western District of Pennsylvania, DoorDash's motion to dismiss for failure to state a claim seeking patent ineligibility under § 101 is now pending before the Court and, as DoorDash acknowledges below, is fully briefed.  (*See* D.I. 23, 28, 32.)  Had the Western District of Pennsylvania denied DoorDash's venue motion, it would have decided the motion to dismiss based on the current briefing.  There has been no controlling changes in law regarding patent-eligibility that would result in supplemental briefing being granted to either party.  Yet, now that the case and the entire docket has been transferred to this Court, Defendant unfairly seeks a do-over of its briefing on patent-eligibility, which unnecessarily increases the fees and expenses since the issues have already been briefed and are before the Court.

A second related case is pending between Ameranth and DoorDash and Pittsburgh-based defendants Eat'N Park Restaurants, LLC and Eat'N Park Hospitality Group, Inc. (collectively, "Eat'N Park") in the Western District of Pennsylvania (C.A. No. 2:23-cv-2165-WSH). Defendants in that case also filed a Motion to Dismiss for Improper Venue, or Alternatively, to Transfer, and Failure to State a Claim and the motion remains pending, but only DoorDash is challenging venue. Ameranth has filed a motion for venue discovery in view of the court's opinion in *Fall Line Patents, LLC v. DoorDash, Inc. et al.*, Civil Action No. 5:24-CV-00179-RWS, D.I. 36 (E.D. Tex. Mar. 21, 2025), which granted venue discovery on the same issues DoorDash raised in the Western District of Pennsylvania to challenge venue. Should Ameranth be successful in defeating DoorDash's venue motion, Ameranth intends to then move to transfer the currently pending case in this Court back to and consolidate it with the case pending in the Western District of Pennsylvania, where Eat'N Park and the identified DoorDash witnesses are located. Accordingly, Ameranth believes a brief stay of this case is warranted pending a decision by the Western District of Pennsylvania on DoorDash's motion in C.A. No. 2:23-cv-2165-WSH.

DoorDash's position:

As directed by the Court's March 21, 2025 Oral Order (D.I. 49) and Local Rule 81.2, Defendant hereby informs the Court that judicial action is required to resolve a pending matter before this Court. The present case was transferred to this Court from the United States District Court for the Western District of Pennsylvania (D.I. 42) after the Parties fully briefed Defendant's Motion to Dismiss for Improper Venue, or Alternatively, to Transfer, and Failure to State a Claim. *Ameranth, Inc. v. DoorDash, Inc.*, No. 2:22-cv-01776-WSH, (D.I. 23, 28, 32) (W.D. Pa. 2022) (the "Motion"). In the Motion, DoorDash requested that the case be transferred for improper venue or, in the alternative, that the case be dismissed under Fed. R. Civ. P. 12(b)(6) on Section 101

grounds. (D.I. 21). With the transfer motion having been granted, DoorDash's motion to dismiss on Section 101 grounds remains unresolved and requires judicial action. Because the Motion addressed both transfer and dismissal pursuant to Section 101 was filed almost two years ago and in a different District, DoorDash respectfully requests that this Court enter an order setting a briefing schedule – using the deadlines set forth in the Court's Local Rules – for briefing DoorDash's motion to dismiss on only Section 101 grounds.

With regard to Ameranth's apparent request that this case be stayed, it is DoorDash's position that such a request is improper to be raised in this Rule 81.2 Statement. Prior to this Notice, Ameranth has not filed any motion with this Court for a stay and, therefore, it is not a "pending matter" before this Court requiring judicial action. L.R. 81.2.

| STAMOULIS & WEINBLATT LLC | GREENBERG TRAURIG, LLP |
|---|---|
| */s/ Richard C. Weinblatt* | */s/ Benjamin J. Schladweiler* |
| Stamatios Stamoulis (#4606) | Benjamin J. Schladweiler (#4601) |
| Richard C. Weinblatt (#5080) | 222 Delaware Ave., Suite 1600 |
| 800 N. West Street, Third Floor | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302)661-7000 |
| (302) 999-1540 | schladweilerb@gtlaw.com |
| stamoulis@swdelaw.com | |
| weinblatt@swdelaw.com | Joshua L. Raskin |
| | Vimal M. Kapadia |
| *Attorneys for Plaintiff* | Wen Xue |
| *Ameranth, Inc.* | Omar A. Nesheiwat |
| | One Vanderbilt Avenue |
| | New York, NY 10017 |
| | (212) 801-9200 |
| | joshua.raskin@gtlaw.com |
| | vimal.kapadia@gtlaw.com |
| | xuew@gtlaw.com |
| | omar.nesheiwat@gtlaw.com |
| | |
| | *Attorneys for Defendant* |
| | *DoorDash, Inc.* |